# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-2372

WILLIAM PEREZ, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 9, 2011                    Decided February 14, 2012)

*Michael P. Horan*, of Washington, D.C., was on the brief for the appellant.

*Bryan W. Thompson*, with whom *Joan E. Moriarty*, Deputy Assistant General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Will A. Gunn*, General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges*.

DAVIS, *Judge*: U.S. Army veteran William Perez appeals through counsel from a February 26, 2009, Board of Veterans' Appeals (Board) decision in which the Board found that Veterans of Foreign Wars (VFW), and not Disabled American Veterans (DAV), was his representative for the issues decided in the Board decision, according to 38 C.F.R. § 20.1304. The Board decision also determined that new and material evidence had been received to reopen a service-connection claim for degenerative arthritis and spinal stenosis of the lumbar spine, but denied those claims. However, those matters are not on appeal. Mr. Perez only appeals the Board's finding that VFW, and not DAV, was his representative. Because Mr. Perez has failed to carry his burden of demonstrating that he was prejudiced by the Board's decision to recognize DAV as his representative for the February 26, 2009, Board decision, the Court will affirm the February 2009 Board decision.

## I. FACTUAL BACKGROUND

Mr. Perez appointed VFW as his representative in April 1998. On February 12, 2007, VA notified Mr. Perez that his appeal had been certified to the Board. The notification letter also informed Mr. Perez that he had 90 days from the date of the letter, or until the Board issued its decision in his case, whichever came first, to appoint a representative to represent him before the Board, or change his representative before the Board. *See* 38 C.F.R § 20.1304(a), (b). The letter continued: "If you wait more than 90 days to take [this] optional step[], you must explain to the Board in writing why you could not send your request . . . to the Board on time and it will be up to the Board to determine whether to grant your request." Record (R.) at 56.

On February 18, 2009, more than two years after notification that Mr. Perez's appeal had been certified to the Board, VA received a letter indicating that Mr. Perez wished DAV to represent him. *See* R. at 18-22. The letter from DAV did not contain any explanation for the delay beyond 90 days in submitting the request to change representation. The letter did, however, ask VA to

> [p]lease take action to consider the following:
>> Please expeditiously adjudicate the claimant's old appeal that according to the claimant was received but never adjudicated.
>> Appoint the [DAV] as the claimant's authorized representative.

R. at 19.

Eight days later, on February 26, 2009, the Board issued its decision, stating that a request had been submitted and "[n]o such good cause has been demonstrated in the current case. Accordingly, the Board recognizes [VFW] of the United States as the appellant's representative for the issues decided herein. With respect to future action, [DAV] will be recognized as the representative of record." R. at 4-5.

## II. ARGUMENTS AND ISSUES

The Board's decision regarding representation is based on 38 C.F.R. § 20.1304(a) and (b), which states:

> (a) An appellant and his or her representative, if any, will be granted a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review . . . or until the date the appellate decision is promulgated

2

by the Board . . . , whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation. (b) [F]ollowing the expiration of the period described in paragraph (a) of this section, the Board . . . will not accept a request for a change in representation . . . except when the appellant demonstrates on motion that there was good cause for the delay. Examples of good cause include, but are not limited to, illness of the appellant or the representative which precluded action during the period; death of an individual representative; illness or incapacity of an individual representative which renders it impractical for an appellant to continue with him or her as representative; [and] withdrawal of an individual representative . . . . Such motions must be in writing . . . .

38 C.F.R. § 20.1304(a), (b) (2011). The regulation also makes provisions for what actions the Board will take when good cause is shown and when good cause is not shown. If good cause is shown, the request for a change in representation will be honored and the new representative will be accepted. 38 C.F.R. § 20.1304(b)(ii). If good cause is not shown, the request for change in representation will be referred to the agency of original jurisdiction "upon the completion of the Board's action on the pending appeal without action by the Board concerning the request." 38 C.F.R. § 20.1304(b)(i).

The Secretary states that the purpose of 38 C.F.R. § 20.1304 is to allow for the orderly and prompt processing of appeals. He indicates that "[h]aving no deadline for changing representatives and the associated submission of additional evidence can result in a continuously changing appellate record, which would make the Board's deliberations difficult." Secretary's Brief at 21-22.

Mr. Perez does not contest the Secretary's stated purpose of 38 C.F.R. § 20.1304. Rather, he argues that the changes to veterans benefits law in the 20 years since 38 C.F.R. § 20.1304 was promulgated make the regulation obsolete and render it arbitrary and capricious. He states that the regulation is contrary to the Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub. L. No. 109-461, 120 Stat. 3408 (Dec. 22, 2006) [hereinafter Veterans Benefits Act],[1] because § 20.1304 operates to deny veterans access to attorney representation and denies them the right to choose their representative before the Board. He asserts that the clear intent of the Veterans Benefits Act is to provide veterans additional rights to choose attorneys to represent them before VA

---

[1] Public Law 109-461 was codified at 38 U.S.C. §§ 5902-5905. The portion the appellant asserts is relevant to this appeal is found at 38 U.S.C. § 5904(c)(1): "[A] fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which a notice of disagreement is filed with respect to the case."

3

(by allowing that attorneys may be paid for services rendered after a Notice of Disagreement (NOD) is filed), and therefore the regulation is arbitrary and capricious.

In presenting his argument, Mr. Perez asks that the Court "[c]onsider this example." Appellant's Brief at 8. A veteran is represented by Paralyzed Veterans of America when a regional office (RO) denies his claim. The veteran files an NOD. VA notifies him that the appeal has been certified to the Board and that he has 90 days to change representation. Eight months later, "an attorney files a notice with the [Board] on behalf of the veteran. In the notice, the attorney informs the [Board] that the veteran has chosen the attorney to represent the veteran in the appeal." *Id.* at 9. Mr. Perez states that, under the plain language of § 20.1304(a), the Board would have to deny the change in representation because it was not made within 90 days–and this automatic denial is contrary to Congress' direction that attorneys may be paid for services rendered after an NOD is filed.

The Secretary responds that Mr. Perez has created a set of hypothetical facts, and that if the Court were to rule on these facts it would result in an advisory opinion. He argues that, in February 2009, Mr. Perez did not file a notice requesting that an *attorney* represent him, but rather that one veterans service organization (VSO) replace another. Therefore, the Secretary asserts, Mr. Perez's argument that the Veterans Benefits Act purports to increase the choices of veterans before the RO by allowing that *attorneys* may be paid for services rendered after an NOD is filed, is not at issue in this case. He also argues that Mr. Perez's characterization of Congress's stated intent in enacting the Veterans Benefits Act directly contradicts with the plain language of the statute.

Alternatively, the Secretary argues that, even if Mr. Perez did try to file a notice of attorney representation (rather than representation by a service organization) in February 2009, the Court should not address his arguments because he has not exhausted his administrative remedies. Rather, the Secretary asserts, the appropriate action is for Mr. Perez to petition the Agency under the Administrative Procedure Act (APA)[2] to amend 38 C.F.R. § 20.1304.

---

[2] The relevant portion of the Administrative Procedure Act is found at 5 U.S.C. § 553(e). It states: "Each agency shall give an interested person the right to petition for issuance, amendment, or repeal of a rule."

## III. ANALYSIS

### A. Hypothetical Argument

As an initial matter, the Court must determine whether Mr. Perez has raised a justiciable controversy, or merely a hypothetical and abstract dispute. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240 (1937). Article III, section 2, of the U.S. Constitution limits the exercise of judicial power to "cases" and "controversies." A justiciable controversy must be "definite and concrete" and must "be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 241. The Supreme Court of the United States has stated that Article III "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Valley Forge Christian Coll. v. Ams.United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982) (quoting *Gladstone, Realtors v. Vill. of Bellwood,* 441 U.S. 91, 99 (1979)). The Supreme Court required that "the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Id.* (quoting *Simon v. E. Kentucky Welfare Rights Org.,* 426 U.S. 26, 38 (1976)). The Supreme Court explained that the requirement of "actual injury redressable by the court" tends to "assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Id.* The Court has adopted "as a matter of policy the jurisdictional restrictions of the Article III case or controversy rubric." *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990).

The Secretary asserts that Mr. Perez has raised a hypothetical argument rather than a justiciable controversy. Indeed, Mr. Perez's argument is based on a misrepresentation of the regulation and of his actions before the Board. While Mr. Perez argues that 38 C.F.R. § 20.1304 requires the Board to deny any request for change in representation made more than 90 days after VA notified the veteran that his appeal had been certified to the Board, the regulation in fact allows an exception when a veteran presents good cause for a delay of more than 90 days in requesting a change in representation. Further, while Mr. Perez argues that the Court should "consider the

5

example" of a veteran requesting to change representation from a VSO to an attorney, in fact Mr. Perez attempted to change representation from one VSO to another VSO.

The Court can find nothing in the factual record or procedural history of this case that requires us to address the application of 38 C.F.R. § 20.1304 to a veteran's attempt to hire an attorney at any stage of the proceedings. The record raises only the issue of substitution of one recognized VSO for another during the course of the appeal of an RO decision. The Court need not reach a decision based on the hypothetical scenario Mr. Perez presents. Rather, we will decide the appeal based on the actual facts before us.

### B. Prejudicial Error

As indicated above, Mr. Perez, through his attorney, has alleged that the only prejudice he suffered was the inability to choose his representative before the Board. At oral argument, Mr. Perez's attorney recognized that this prejudice did not necessarily affect the Board's decision. He stated that Mr. Perez "was prejudiced that he didn't have the organization he wanted to represent him," but conceded, "[w]e're not saying that the result would have been different." Transcript of Oral Argument at 13:49, *Perez v. Shinseki,* No. 09-2372 (argued Nov. 9, 2011) *available at* http://www.uscourts.cavc.gov/oral_arguments/2011OralArguments.cfm.

Congress has instructed that, in deciding the cases before it, this Court should "take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b). The "party attacking the agency's determination" bears the "burden of showing that an error is harmful." *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009). Stated another way, "the party that 'seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.'" *Id.* (quoting *Palmer v. Hoffman,* 318 U.S. 109, 116 (1943)).

Mr. Perez has alleged only one error, but the Court cannot conclude that (1) the Board erred when it acted in compliance with the applicable regulation, and (2) that any possible error was prejudicial. When DAV submitted the February 17, 2009, letter indicating Mr. Perez had chosen it as his representative, it made only two requests: (1) Expedite Mr. Perez's appeal, and (2) appoint DAV as his representative. *See* R. at 19. DAV attached a signed statement from Mr. Perez indicating he had filed an NOD "nearly three years ago" but that it had not been acted upon, and requesting his appeal be expedited or that he be provided with an explanation for the delay. R. at

20. DAV also included a completed VA form entitled "Appointment of Veterans Service Organization As Claimant's Representative" indicating Mr. Perez wished DAV to represent him, which was signed by Mr. Perez and dated February 11, 2009. R. at 21. That request to appoint DAV as representative was denied because it was not in compliance with 38 C.F.R. § 20.1304.

Mr. Perez's attorney also asserted at oral argument that, had the Board recognized DAV as Mr. Perez's representative, DAV would have reviewed the claims file, consulted with Mr. Perez, and submitted a written presentation. However, DAV included neither a written presentation nor any additional evidence for the Board's consideration in the materials it submitted with the February 2009 request to change representation. Mr. Perez also presented no evidence to show that DAV would have taken any additional steps beyond requesting expedited consideration of the appeal.

Mr. Perez has offered no other allegation of prejudice. Because he has not carried his burden of showing that he was prejudiced by the Board's decision, the Court will affirm the Board's decision.

## IV. CONCLUSION

Mr. Perez's right to change his representative before the Board was controlled by 38 C.F.R. § 20.1304. When he submitted a request to change representation more than 90 days after his appeal was certified to the Board, he did not avail himself of the "good cause" provision contained in 38 C.F.R. § 20.1304(b). Therefore the Board acted correctly in declining to recognize DAV as his representative for purposes of the February 26, 2009, decision. Mr. Perez has failed to carry his burden of demonstrating that he was prejudiced by the Board's decision.

On consideration of the foregoing, the Court AFFIRMS the February 26, 2009, Board decision.